NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—February, 1886.

RAYMOND v. DAYTON.

*In the matter of the estate of* FANNY RILEY, *deceased.*

An item of expenditure, in the account of an executor, representing counsel fees paid for services rendered in the course of administration, will be cut down so as to exclude remuneration for the performance, by an attorney, of any duties incumbent upon the former personally, in view of his statutory commissions.

HEARING of objection to the account of Eliza Dayton, as executrix of the will of decedent; interposed by Alice Raymond and another, residuary legatees thereunder, in proceedings for judicial settlement.

S. J. COWEN, *for executrix.*

H. M. BRIGHAM, *for objectors.*

THE SURROGATE.—To the account of this decedent's executrix a single objection has been interposed in behalf of the residuary legatees. It is claimed that the accounting party is not entitled to be credited, as she claims to be credited, for an item of $350, disbursed by her as counsel fees in the course of her administration of the estate. The question raised by this objection has been submitted for determination upon affidavits filed by the respective parties.

The authority of this court to allow an executor or administrator to reimburse himself out of his decedent's estate for sums expended by him in its administration, is solely derived from chapter 362 of the Laws of 1863. The justice and reasonableness of such expenditures must be established to the satisfaction of the Surrogate, before such expenditures can be sanctioned as a claim against the estate. If credit is asked for moneys paid to counsel, it must be shown that the services rendered by such counsel were necessary, or seemed to be necessary, and that they merited the compensation awarded them by the representative of the estate (St. John v. McKee, 2 *Dem.*, 236 ; Journault v. Ferris, *id.*, 320).

Now it appears, from the affidavit of the attorney for the accounting party, that to a considerable extent the services performed by him, at the instance of the executrix, were such as the executrix herself might justly have been expected to render, and for the rendering of which a right to commissions by way of compensation is accorded by law. The assets left by the decedent consisted solely of moneys in

savings bank, and amounted to less than $3,000. No person has ever interposed a claim as creditor of the estate. Its administration has therefore, in the nature of things, been of a very simple character. I do not dissent in the least from the opinion of the attorney for the executrix, that the time he has devoted to her affairs would have justified him in claiming from her a compensation even larger than he has received. But as between the executrix and the legatees, I cannot find that any larger disbursement than $175 was justly and reasonably made by her for counsel fees, and can now properly be charged against this estate. That sum I allow.